[No. 8,675. In Bank.—October 28, 1884.]

## THE PEOPLE, RESPONDENT, v. GEORGE HAGAR, APPELLANT.

SWAMP LAND RECLAMATION—FORMATION OF DISTRICT—ACTION TO ENFORCE ASSESSMENT—EVIDENCE.—On the hearing of a petition for the formation of a swamp land reclamation district, the board of supervisors have jurisdiction to determine what lands will be benefited by the proposed reclamation, and to include such lands within the district. The trustees are authorized to cause surveys, plans, and estimates of cost to be made, and the commissioners may assess upon each acre of the district a tax proportionate to the whole expense. In an action to enforce the assessment, the court will not admit evidence to show whether a particular parcel of land was in fact benefited, or to what extent.

APPEAL from a judgment of the Superior Court of the county of Yolo, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Belcher & Belcher*, for Appellant.

*A. C. Adams*, *W. B. Treadwell*, and *J. C. Ball*, for Respondent.

MYRICK, J.—Many of the points involved in this case are similar to points presented in *Rec. Dist. No. 108*, v. *Hagar*, No. 8,827, *ante*. Two points, however, not involved there are for consideration here.

1.  There is evidence sufficient to sustain the finding that the allegation of the complaint, that the commissioners jointly viewed the lands of the district, was true.

2.  The lands of the defendant consist of many parcels, sections, fractional sections and subdivisions of sections, containing several thousand acres.    The defendant offered to prove that of his lands which were assessed, 522.13 acres were situated between the western base of the levee and the river, part occupied by the levee and part between the levee and the river ; that twenty parcels are so situated, ranging from one acre to 114.48 acres ; that said lands were not benefited by the works of reclamation, but were assessed at the rate of $195.15 per acre.

This evidence was objected to for the reason, among others, that the offer was an attempt to contradict and impeach the assessment, by showing that the commissioners erred in their judgment in determining that each tract of land in the district was benefited to the same extent as all others in proportion to acreage, and that the several tracts were chargeable with the amounts severally assessed against them, as returned by the commissioners.

The board of supervisors, in hearing the petition for the formation of the district, and in making the order, had jurisdiction to determine what lands were to be benefited by the proposed system of reclamation, and to include such lands within the district, and their determination cannot now be inquired into ; the trustees had authority to cause surveys, plans, location and estimates of the cost of the work to be made ; and the commissioners had authority to assess upon each and every acre within the district to be reclaimed or benefited a tax proportionate to the whole expense, and to the benefits which would result from the works.    Such jurisdiction and authority being given by the statute, we do not think it was competent for the court below to have determined that either of the parcels enumerated in the offer was not benefited, or that such benefit was not of the value of the assessment.

Judgment and order affirmed.

SHARPSTEIN, J., MORRISON, C. J., McKINSTRY, J., McKEE, J., THORNTON, J., and ROSS, J., concurred.

Rehearing denied.