[Sac. No. 2193.  Department One.—February 14, 1916.]

CYNTHIA A. MEYER, Appellant, v. RECLAMATION
DISTRICT No. 17, Respondent.

RECLAMATION DISTRICTS — ACTION TO MODIFY OR ANNUL AN ASSESS-
MENT—OBJECTIONS WHICH CAN BE RAISED—JURISDICTION.—In an
action under section 3462 of the Political Code to modify or annul
an assessment levied in behalf of a reclamation district by the
supervisors, commenced within thirty days after the filing of the
assessment list in the office of the county treasurer, the only objec-
tions which can be presented against the assessment are those which
have been presented in writing to the board of supervisors and such
as go to the jurisdiction and render the proceedings void.

ID.—FINDINGS SUPPORTED BY THE EVIDENCE.—Findings by the trial court
will not be disturbed on appeal when the evidence is conflicting.

ID.—SUFFICIENCY OF PLANS OF WORK TO BE DONE—RIGHT OF WAY FOR
CANALS AND PUMPS.—The omission of the cost of the right of way
from the report or plans of the engineer of the district for canals
and pumps does not invalidate the assessment.

ID.—SUFFICIENCY OF PLANS GIVING PROFILES AND MAPS.—Plans con-
sisting of profiles and maps and stating specifically the amount of
excavation, but not showing the width at the top nor the slopes of
the sides of the canals, are sufficient, because the number of cubic
feet to be excavated, the courses and length of the canals, in con-
nection with the width thereof at the bottom, form a basis of com-
puting angles of the slope and width at the top of such canals.

ID.—SUFFICIENT DESCRIPTION OF THE WORK TO BE DONE—PUMPS.—A
description of a twelve-inch pump to be run by electricity with the
necessary housing, transformers and attachments is a sufficient
"statement of the work done or to be done," within the meaning of
section 3459 of the Political Code, or a sufficient report of the
"plan of the work," as required by section 3455, to form a legal
basis for the assessment.

ID.—DEGREE OF CERTAINTY REQUIRED IN PLANS.—The statement of work
to be done need not have the certainty and completeness of detail
necessary in a contract for the construction of the work, but only
"a plan showing in some detail and with some degree of certainty
the extent and character of the proposed works."

ID.—TECHNICAL OBJECTIONS NOT FAVORED.—The policy of the law should
be to discourage objections to assessments based on wholly technical
grounds made to obtain a judgment invalidating the assessment and
not to prevent substantial injury.

ID.—POWER OF TRUSTEES TO OUTLINE WORK.—It is within the power of the trustees of a reclamation district to outline the work in a general way, expecting to leave the details of measurements and quantities of material to the engineers as the work progresses.

ID.—TRUSTEES A GOVERNING BODY—DUTY TO CARRY ON DISTRICT.—The trustees of a reclamation district are a governing body similar to the city council in municipal affairs, and, in addition to their duty to construct works necessary to prevent overflow and drain the lands therein, they are charged with the duty of carrying on the affairs of the district as a continuing body; and the funds raised to carry on protective work, although raised by assessment, are in the nature of taxes, and in levying the same it is not necessary to state in detail how the funds are to be expended, but merely the specific purpose to which they are to be applied and the amount devoted to that purpose.

ID.—ASSESSMENT TO PAY WARRANTS ALREADY ISSUED—NECESSARY DEGREE OF CERTAINTY IN DESCRIPTION OF PAST WORK.—As a basis for an assessment to pay warrants previously issued, a description of the work for which the warrants were issued, sufficient to identify the work, in connection with maps and profiles showing their location and height, the height to which it is proposed to raise them by the new work, the number of cubic yards required therefor, the top width of the levees when so raised, and the estimated cost of the work, is clearly sufficient.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial. G. W. Nicol, Judge presiding.

The facts are stated in the opinion of the court.

A. H. Ashley, for Appellant.

Nutter & Orr, and Clary & Louttit, for Respondent.

SHAW, J.—This is an action authorized by section 3462 of the Political Code, as amended in 1911 (Stats. 1911, p. 644). The plaintiff seeks to modify or annul an assessment levied in behalf of the reclamation district by the board of supervisors of the county. That section provides that when the commissioners have completed their assess-. ment, the same shall be filed with the clerk of the board of supervisors, who shall thereupon appoint a time for the hearing of objections thereto of which notice shall be given. At this hearing any person interested in any land assessed may file written objections to the assessment, stating the grounds of

the objections. After hearing the objections, if the board approves the assessment, it shall make an order to that effect and indorse the same upon the assessment list, which shall then be filed with the county treasurer. The section provides that the decision of the supervisors "shall be final, and thereafter said assessment list shall be conclusive evidence that the said assessment has been made and levied according to law, except in an action commenced as hereinafter provided." It further provides that any person aggrieved by the decision of the supervisors may commence an action in the superior court of the county to have the decision corrected, modified, or annulled, that such action must be commenced within thirty days after the assessment list has been filed in the office of the county treasurer, and that if not commenced within that period, "no action or defense shall thereafter be maintained attacking the legality of the said assessment in any respect." There is also a provision that no objection to the assessment shall be allowed in any action unless it shall have been made in writing to the board of supervisors as prescribed by the section. The present action was begun within the thirty-day period prescribed; consequently, the objections presented in writing to the board of supervisors are open for consideration. None others are available except such as go to the jurisdiction and render the proceedings void. (*Finnan* v. *Reclamation Dist.*, 26 Cal. App. 714, [148 Pac. 227, 152 Pac. 1197].) The court made findings against the contentions of the plaintiff and rendered judgment in favor of the defendant. A motion for new trial was denied. The plaintiff appeals both from the judgment and from an order denying a new trial.

The entire sum assessed was $131,727.04, of which $97,058.74 was for the purpose of paying outstanding warrants of the district for reclamation work already done.

The report and plans of the engineer, upon which the assessment was based, proposed, as a part of the work to be done, the construction and installation of a pumping plant designated as Pump No. 3, together with drainage canals leading thereto, the estimated cost of which was $8,040. One of the objections stated was that this pump and canals would be of no benefit to the lands of the plaintiff. Another was that the assessment to plaintiff's land was not in proportion to the benefits accruing from the works of reclamation.

With respect to these objections it is sufficient to say that the evidence at the trial of this action was conflicting, and the decision of the court below is, therefore, conclusive on appeal. Another objection was that the cost of the right of way for the proposed canals and pump was not provided for in the report or plans. The district is not required to make such cost a part of the estimate of the expense of making the pumping plant and canals. It may be that the right of way will be given free of cost, or that the district has other funds with which to pay for the same. In any event, the omission of this item of possible cost does not make the assessment invalid. (*Reclamation Dist.* v. *Hershey,* 160 Cal. 692, [117 Pac. 904].)

The other objections made to the supervisors were stated generally. They are, in effect, that the plans were not sufficiently full or in detail to advise the board of the necessity of making the assessment, or the land owners of the nature or extent of the work theretofore done or thereafter to be done; that the assessment for the portion of the money estimated for the outstanding warrants is invalid because the work previously done was unlawfully done by reason of defective plans therefor, and the plans reported for the present assessment do not remedy the objection, in that they do not show the character or extent of the previous work for which said warrants were issued.

The report of the engineer stated the character of the pumping plant and canals and the estimated cost thereof as follows:

"Cost of 12-inch pump, electrical motors, transformers housing and installation complete...$2680.00

"31,400 cu. yds. excavation for canal system for Pump No. 3 as per plans herewith.......... 3300.00

"Cost of operation, Pump No. 3 for one year.. 560.00

"Estimated cost of necessary bridges over canals ............................... 1500.00"

The plans consisted of profiles and maps. The maps showed the lines and location of the canals to be constructed leading to the pumping plant and the profiles showed the bottom width of the canals. They also showed the contour of the land and the height of the surface above the bottom of the ditch. The first objection is that the description of the canals does not show the width at the top nor the slopes of the sides, so that the yardage could be computed there-

from.  The number of cubic yards to be excavated, taken in connection with the courses and length of the several canals, their depth and the width on the bottom, furnish all the data necessary to enable an engineer to ascertain the slope of the bank and the width of the top, if any person deemed these items important enough to justify the labor of the calculations.  The amount of excavation is the important thing in estimating the cost and that is stated specifically.  It is also claimed that the pump is not adequately described.  The statement shows that the pump was a twelve-inch pump to be run by electricity with the necessary housing, transformers, and attachments.  We think these specifications constitute a sufficient "statement of the work done or to be done," within the meaning of section 3459 of the Political Code, or a sufficient report of the "plan of the work" as required by section 3455, to form a legal basis for the assessment.  The code does not require that such statement shall have the certainty and completeness of detail that would be necessary in a contract for the construction of the works, but only "a plan showing in some detail and with some degree of certainty the extent and character of the proposed works." (*Reclamation Dist.* v. *Bonbini*, 158 Cal. 197, 203, [110 Pac. 577].)  It is difficult to draw a line of certainty and fullness of detail to which such statements must conform.  But the above specifications are as complete and certain in all respects which may be said to be substantial, in view of the purposes for which such statement is to be made, as those held sufficient in the Bonbini case and in the subsequent decisions in *Reclamation Dist.* v. *Diepenbrock*, 168 Cal. 577, [143 Pac. 763], and *Reclamation Dist.* v. *Hershey*, 169 Cal. 793, [148 Pac. 185].  Furthermore, section 3462, authorizing this form of action, permits it to be maintained only by "any person aggrieved by the decision of the board."  It is not alleged that these, or any other of the specifications attacked, will, by their uncertainty or want of detail, cause any injury to the plaintiff or others, or in any manner injuriously affect the proceeding, or in any degree hinder or prevent the carrying out of the proposed reclamation or add to the cost thereof.  The objections are made on wholly technical grounds and upon the theory that their effect is to render the assessment void, regardless of their practical importance.  The policy of the law should be to discourage such objections.

The report further stated that "it is necessary that the following-named sums be expended for the following-named purposes, to wit: . . .

> "Rocking and brushing 1000 ft. east of the
> bank of the San Joaquin river, 1/4
> mile below the S. P. R. R. bridge.....$5000.00
> "Rocking and brushing fill along east
> bank of the San Joaquin river, in the
> N. E. 1/4 Section 5, T. 1 S., R. 6 E.,
> at power line crossing............... 500.00"

There was evidence that rocking and brushing, in engineering parlance, means a covering or revetment of brush held in place by rocks to protect the levee against the washing of waves and currents. The written objections to the supervisors did not specify any particular defects in this part of the report, but merely stated the general objection that the report and plans were not sufficiently full or in detail to advise the board or the land owners of the nature of the work to be done. The briefs discuss it only in a general way. The report and plans do not give the thickness of the layer of brush, the size of the rocks to be used, nor the width of the space to be covered. Apparently it was not the purpose to determine these things in advance. Obviously, it might be inadvisable to do so. The conditions would vary from time to time, and they might change before the work was done, so as to make a change in such details necessary. It would be impossible to foresee all the conditions and fix the exact plan in advance. It would also be impracticable, in many cases, to prepare the details required by the minute variations in the surfaces of the levees. Such matters are often better left to the discretion of persons in charge of the work. The intention apparent on the face of the report was not to provide a complete plan for the work, but to raise a specific sum of money to expend in such work, leaving the details to the discretion of the trustees. We think it is within the power of the trustees to make an assessment in this manner for protective work of this kind. The functions of the trustees of a reclamation district are not confined merely to the construction of the works necessary to prevent the overflow and secure the drainage of the land therein. The district is a permanent agency organized to keep the lands protected. The trustees constitute a continuing board charged

with the duty of carrying on the affairs of the district, operating its pumps and other machinery, when necessary, and keeping in repair the levees and ditches. In this respect they are a governing body similar, in respect of district affairs, to a city council with regard to municipal affairs. They must raise revenues sufficient to enable them to discharge these duties. Protective work of the character here involved is analogous to the repair and preservation of streets, sewers, and the like, in a city. The funds necessary to carry on this part of the district government, though raised by a special assessment, are in the nature of taxes. It is never considered necessary in levying taxes for such matters to state in detail how the funds are to be expended. It is enough to state the specific purpose to which they are to be applied and the amount to be devoted to that purpose. We hold that it is a sufficient plan for an assessment, under this law, with respect to such protective work of this kind, for the report of the supervisors to state the character of work and the amount estimated to be necessary to accomplish it.

The objection that the character and nature of the work previously done, and for which the outstanding warrants were given, is not shown, is untenable. The code, with respect to an assessment for the payment of debts for previous work, requires, at most, a mere "statement of the work done" (Pol. Code, sec. 3459), and a description of the "levees or other reclamation works already constructed." (Pol. Code, sec. 3455; Stats. 1911, p. 642.) A description of such work that will identify it with certainty is enough. The old levees here to be paid for were existing things visible to anyone who chose to look at them. The maps and profiles showed their location and height, and also the height to which it was proposed to raise them by the new work, the number of cubic yards required therefor, and the top width of the levees when so raised, together with the estimated cost of the work to be done. This is clearly sufficient.

In cases where work had been done under a previous assessment which had been adjudged invalid, section 3466½ provides that the land owners who did not pay such assessment may be charged by a subsequent assessment with their just proportion of the former assessment, according to the benefits to the lands from the works constructed. The petition for the assessment set forth the fact that a former assessment

had been adjudged void, and that certain land owners had not paid the amounts charged to them thereon. The plaintiff was not one of the delinquents. The work previously done under that assessment is a part of that shown on the maps and profiles above mentioned, and, for the reasons above stated, the description thereof is sufficient as a basis for the present assessment.

The remark in *Reclamation Dist.* v. *Bonbini,* 158 Cal. 197, [110 Pac. 577], criticising the plans there held to be insufficient, are not to be understood as holding that the assessment is void in every case, unless the plans were so certain and specific that a perfect contract for the contemplated work could be let thereon, or unless the estimates showed separately the cost of each material part into which the work might be subdivided. There must be enough of detail to show the particular purpose to which the money will be applied and some degree of certainty as to the extent and character of the work to be done. The examples held bad in that opinion go only to the extent that the cost of repairs and of new work on levees and of drainage ditches and pumps, respectively, must be stated separately. The case is not authority for the conclusion that the present assessment is invalid. We find no fatal defects in the proceeding here attacked.

Objection is made to the ruling of the court striking out certain portions of the complaint. The portions stricken out consisted of allegations that the supervisors did not take evidence prior to appointing the commissioners to make the assessment; that certain evidence was given at the hearing upon the objections to the assessment before the board; that the board made no formal findings regarding the objections; that plaintiff did not know of the prior proceeding; the nature and effect of the evidence received by the board of supervisors at the time of the hearing upon her objections to the assessment; the reasons which actuated the board in making the assessment, and the claims and arguments made in her behalf at the hearing. The court properly decided that the matters stricken out were immaterial to the objections urged against the assessment.

The judgment and order are affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.