[Civ. No. 2905.    Third Appellate District.—June 23, 1925.].

## CHARLES J. LUCKEHE, Appellant, v. RECLAMATION DISTRICT No. 2054, Respondent.

[1] RECLAMATION DISTRICTS—PUBLIC CHARACTER—LEGISLATIVE ACT.— Reclamation districts created under the provisions of the Political Code are *quasi* public in character; and the formation of a reclamation district is a legislative act carried out in the exercise of the police or taxing power of the state.

[2] ID. — FORMATION OF DISTRICT — FINALITY OF PROCEEDINGS.—The proceedings for the formation of a reclamation district are special

---

1.   See 9 **Cal. Jur.** 856.
2.   See 9 **Cal. Jur.** 865.

proceedings, and are final and conclusive as to all except jurisdictional matters.

[3] Id.—Collateral Attack—Lands Benefited—Determination of Supervisors—Res Adjudicata.—The legality and regularity of the proceedings leading up to the formation of a reclamation district cannot be collaterally attacked; and even though objection to the formation of the district on the ground that the land of the person objecting is not in fact swamp or overflow land, and that it should not therefore be included in the proposed district, is made before the board of supervisors as provided by law, the determination of the board of supervisors, in overruling such objections, is *res adjudicata* in a subsequent action by said land owner to annul an assessment levied against his property.

[4] Id. — Presentation of Objections to Supervisors — Jurisdictional Defects—Action to Contest Assessment.—An action to contest the validity of an assessment under section 3462 of the Political Code can only be maintained after objections have been duly presented and adversely ruled upon by the board of supervisors; and in such an action no objections to the assessment are available, except such as have already been presented in writing to the board of supervisors, unless they go to the jurisdiction and render the proceeding wholly void.

[5] Id.—Pleading of Conclusion—Grounds of Objection—Absence of Proof—Benefits—Res Adjudicata—Evidence.—In such an action, the allegation in the complaint that "written objection to said assessment" was made before a hearing of the supervisors "in the manner and within the time required by law," is the mere statement of a conclusion, and where the grounds of such objection are not mentioned, and there is no effort to supply any proof thereof at the trial of the case, this failure is fatal to plaintiff's right of recovery in the action; and the question of benefits presumed to have been derived from the formation and assessment of the district being *res adjudicata;* objections sustained to plaintiff's questions with reference thereto, are harmless.

(1) 19 C. J., p. 614, n. 72, p. 615, n. 77. (2) 19 C. J., p. 664, n. 5. (3) 19 C. J., p. 680, n. 51. (4) 19 C. J., p. 746, n. 50. (5) 19 C. J., p. 748, n. 70 New; 31 Cyc., p. 64, n. 13.

APPEAL from a judgment of the Superior Court of Sutter County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

3.  See 9 Cal. Jur. 868.
4.  See 9 Cal. Jur. 908.

Clinton W. Johnson and Charles W. Johnson for Appellant.

A. H. Hewitt for Respondent.

THOMPSON, J., *pro tem.*—This is an appeal from a judgment of nonsuit in an action to annul an assessment levied against plaintiff's property situated in Reclamation District No. 2054, in Sutter and Butte Counties, on the ground that said property was illegally included within said district, not being the character of swamp and overflow land subject to reclamation as provided by statute.

The action was brought under the provisions of section 3462 of the Political Code of the state of California. The complaint alleges the formation of the reclamation district pursuant to the provisions of title 8, chapter 1, article II, of the Political Code; that the plaintiff is the owner of the land in question; that his land was included within the boundaries of the reclamation district by order of the board of supervisors of Sutter County, April 21, 1921; that prior thereto plaintiff had expended large sums of money and performed labor widening and deepening Snake River adjacent to his property, and connected ditches therewith, through his property, so as to thoroughly reclaim and drain the property; that at the time of the formation of Reclamation District No. 2054 his property was not swamp or overflow land, and therefore not subject to reclamation; that in 1922 said board of supervisors wrongfully, inequitably, unjustly and oppressively levied an assessment of $9,958 against plaintiff's property; that his land will receive no benefit from said plan of reclamation; that he "filed written objections to said assessment so made upon said lands before a hearing held by the Board of Supervisors thereon, on July 5th, 1922, in the manner and within the time required by law, and plaintiff offered evidence in support of his said objections at said hearing," but that said assessment was approved by the board; and plaintiff asks to have said assessment vacated and set aside.

The answer admits the formation of the reclamation district; the levying of the assessment; the ownership of the land; denies the widening or deepening of Snake River and the construction of ditches by plaintiff and the draining of

his land thereby; denies that the assessment was unjust, wrongful or oppressive; and alleges that plaintiff's land was swamp and overflow land, properly included within the district, and that said assessment was apportioned on all lands within the district according to the benefits that would be derived. The allegations of the complaint respecting the objections filed with the board were not denied.

At the trial a civil engineer, two of the reclamation commissioners and the plaintiff were examined. The chief effort on the part of the plaintiff was to prove that the enlarging of Snake River, and the digging of ditches across his land, prior to the formation of the reclamation district, had the effect of draining and reclaiming his land, and therefore removing it from the class of swamp and overflow land subject to reclamation under the statute. The levy of assessment was proven. There was no effort made at the trial to prove that any objections were made or filed with the board of supervisors upon the formation of the district, or at the levying of the assessment. While it is alleged in the complaint, and not denied by the answer, that objections to the levying of the assessment were made and filed with the board in the time and manner provided by law, there was no allegation of the character or nature of these objections. At the trial there was no proof in support of the allegations in this regard, indefinite and uncertain as such allegations were.

In an effort to prove that the reclamation district project was not beneficial to plaintiff's land he propounded the following questions, to which objections were sustained:

"Prior to 1906, Mr. Luckehe, was there any arrangement ever made with you and any others whereby you did acquire the right to drain into Snake river?" and

"As far as the use of your land is concerned, have you been able to cultivate any more land since this reclamation work was completed, than you did before?" and

"Were you able, last year to produce more crops on your land than you did before?" and

"How much acreage did you have in cultivation in the year 1921?"

"How much acreage did you have in cultivation, and susceptible of cultivation last year?"

At the close of plaintiff's case a motion for nonsuit was made under section 581, Code of Civil Procedure, and specifically that there was no evidence that objections had been made to the board of supervisors as provided by section 3462 of the Political Code; that it was not shown that the lands were assessed for a sum in excess of the benefits derived; and that it was not proven that the assessment was not apportioned according to the benefits accruing to each tract of land in the district. This motion was granted. From the judgment of dismissal this appeal was taken.

Section 3455 of the Political Code provides that where the reclamation district is within the Sacramento or San Joaquin districts, the trustees must report their plan of formation of the district to the board of supervisors; three copies of the original plan of work shall be filed with the county clerk; notices of the time and place of hearing objections to said plan shall be published; at the hearing evidence may be adduced in support of such objections. It is then provided: Section 5, "When the said reclamation board shall have taken action approving, modifying or rejecting any such original, supplemental or new plan of reclamation after a hearing as herein provided, such action shall be final, and thereafter the sufficiency of said plans shall not be subject to attack either before the reclamation board, or in any court; . . . "

It is neither alleged nor proven that any objection was ever made before the board of supervisors to the proceedings leading up to the formation of District No. 2054, nor to the including of plaintiff's land in said district.

[1] Reclamation districts created under the provisions of the Political Code are *quasi* public in character. (9 Cal. Jur. 856; *Reclamation District No. 542* v. *Turner*, 104 Cal. 334 [37 Pac. 1038].) The formation of a reclamation district is a legislative act carried out in the exercise of the police or taxing power of the state. (*Inglin* v. *Hoppin*, 154 Cal. 483 [105 Pac. 582]; *Williams* v. *Board of Supervisors*, 65 Cal. 160 [3 Pac. 667].) [2] The proceedings for the formation of a reclamation district are special proceedings, and are final and conclusive as to all except jurisdictional matters. In 9 California Jurisprudence, at page 865, the author says: "Among the facts thus conclusively determined are the following, that the lands included in the

district are in fact swamp and overflow lands that they will be benefited by reclamation, and that they have not been heretofore reclaimed.''

[3] Even though objections to the formation of the district on the ground that plaintiff's land was not in fact swamp or overflow land, and that it should not therefore be included in the proposed district, had been made before the board of supervisors as provided by law, in this attack upon the proceedings the determination of the board of supervisors would be *res judicata.* (*Lower Kings River Reclamation District No. 531* v. *Phillips,* 108 Cal. 306 [39 Pac. 630, 41 Pac. 335].) The legality and regularity of the proceedings leading up to the formation of a reclamation district cannot be collaterally attacked. (9 Cal. Jur. 868.)

[4] An action to contest the validity of an assessment under section 3462 of the Political Code can only be maintained after objections have been duly presented and adversely ruled upon by the board of supervisors. In such an action no objections to the assessment are available, except such as have already been presented in writing to the board of supervisors, unless they go to the jurisdiction, and render the proceeding wholly void. (9 Cal. Jur. 908; *Meyer* v. *Reclamation District No. 17,* 172 Cal. 104 [153 Pac. 635].) Section 3462 of the Political Code provides, with relation to assessments:

''At any time before the date of such hearing, any person . . . may file written objections to such assessment, stating the grounds of such objections, which said statements shall be verified. . . . At said hearing said Board of Supervisors shall hear such evidence as may be offered. . . . And the decision of said Board of Supervisors shall be final. . . . No objection to such assessment shall be (thereafter) considered by the Board of Supervisors, or allowed in any other action or proceeding, unless such objection shall have been made in writing . . . as above specified.''

[5] The allegation of the complaint to the effect that ''written objection to said assessment,'' was made before a hearing of the supervisors ''in the manner and within the time required by law,'' is the mere statement of a conclusion. The ''grounds of such objections'' are not mentioned, if indeed they were specified in the written objections filed. Moreover there was no effort to supply any

proof of these allegations at the trial of this case. Under the foregoing authorities, this failure is fatal to plaintiff's right of recovery in this action.

It necessarily follows that the objections sustained to plaintiff's questions regarding the benefits presumed to have been derived by the formation and assessment of the district, are harmless. Moreover under the authority of *People* v. *Hagar*, 66 Cal. 59 [4 Pac. 951], the question of such benefit was *res judicata*, and the evidence sought to be elicited was incompetent. The court there said: "The board of supervisors, in hearing the petition for the formation of the district, and in making the order, had jurisdiction to determine what lands were to be benefited by the proposed system of reclamation, and to include such lands within the district, and their determination cannot now be inquired into; . . . the commissioners had authority to assess upon each and every acre within the district to be reclaimed or benefited, a tax proportionate to the whole expense, and to the benefits which would result from the works. Such jurisdiction and authority being given by the statute, we do not think it was competent for the court below to have determined that either of the parcels enumerated in the offer was not benefited, or that such benefit was not of the value of the assessment." The judgment of nonsuit was properly granted.

The judgment is therefore affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1925.

All the Justices concurred.