[S. F. No. 11948.  In Bank.—January 21, 1927.]

## ISLAIS CREEK RECLAMATION DISTRICT, Respondent, v. ALL PERSONS, etc., et al., Appellants.

[1]  RECLAMATION DISTRICTS—POLICE POWER—ACTION BY LEGISLATURE —PRESUMPTION OF KNOWLEDGE—DETERMINATION OF BENEFITS.— The creation of a reclamation district is an exercise of the police power of the state; and the legislature, which has the power to create, is presumed to act with knowledge of the facts and upon

---

1.  See 9 Cal. Jur. 847.

a determination of the benefits to the land included within the boundaries of such a district by the proposed work of reclamation.

[2] ID.—STATUTORY CONSTRUCTION—CONSTITUTIONAL LAW.—An act of the legislature should not be declared unconstitutional by the courts unless its provisions are clearly violative of some provision of the constitution; and the courts of this state have liberally construed acts of the legislature creating reclamation and other improvement districts, because of the public benefit derived therefrom.

[3] ID.—ISLAIS CREEK RECLAMATION DISTRICT—PURPOSE OF.—The purposes of the Islais Creek Reclamation District clearly bring the act creating the district within the scope of the power of the legislature.

[4] ID.—PUBLIC IMPROVEMENTS—CONTRIBUTION TO GENERAL WELFARE. Whatever tends to enlarge the resources, increase the industrial energies, and promote the productive power of any considerable number of the inhabitants of a section of the state, or which leads to the growth of towns and the creation of new sources for the employment of private capital and labor, indirectly contributes to the general welfare and to the prosperity of the whole community.

[5] ID.—PROMOTION OF COMMERCE AND NAVIGATION—DRAINAGE AND RECLAMATION—EXERCISE OF POLICE POWER.—Commerce and navigation generally, and particularly in the harbor of San Francisco, will be benefited by the improvement contemplated by the Islais Creek Reclamation District Act; but the drainage and reclamation of the lands, apart from any question of commerce or navigation, are in themselves a legitimate exercise of the police power of the state.

[6] ID.—PLAN AND PROVISION FOR WORKS—POWER OF LEGISLATURE.— It was within the power of the legislature, in creating the Islais Creek Reclamation District by a special act, to define the manner and plan and provide for the necessary works by which the contemplated reclamation should be carried out.

[7] ID.—ASSESSMENTS—PUBLIC PURPOSE—BENEFIT TO FEW.—While all assessments must be made for a public purpose, it is no objection to the constitutionality of a reclamation district act that the public benefit which is to be subserved is practically limited to those in the district whose lands are to be protected; and the state has the power to impose upon the adjacent lands specially benefited by the work an assessment in proportion to such benefits to defray part of the costs.

2.  See 5 Cal. Jur. 612; 6 R. C. L. 75.

4.  See 9 Cal. Jur. 848.

6.  See 9 Cal. Jur. 866.

7.  See 9 Cal. Jur. 852; 25 R. C. L. 107.

[8] ID. -- TITLE OF ACT -- CONSTITUTIONAL LAW. — The Islais Creek
    Reclamation District Act, which provides that the district may fill
    the land and streets therein held in private ownership and raise
    them to the official street grades as the same may be now or
    hereafter legally established, does not violate section 24, article
    IV, of the constitution, because the title does not specifically refer
    to the filling in of the lands and streets, the title being broad   .
    enough to disclose that the general purpose of the act is to provide
    a scheme for the betterment of the lands lying within the described
    area.

[9] ID. — FIXING OF BOUNDARIES OF DISTRICT — DETERMINATION OF
    BENEFITS.—Where the legislature itself fixes the exterior boundaries
    of a reclamation district, its determination as to the property
    benefited and the property to be included in the district is final
    and conclusive, and an attempt by an owner of lands in the district
    to show that they were not overflowed lands, in a proceeding to
    determine the legality of the district, would be futile.

---

(1) 12 **C. J.**, p. 799, n. 66; 19 **C. J.**, p. 607, n. 18, p. 614, n. 72.
(2) 12 **C. J.**, p. 797, n. 35; 19 **C. J.**, p. 612, n. 42.    (3) 12 **C. J.**,
p. 1256, n. 36; 19 **C. J.**, p. 614, n. 72.    (4) 12 **C. J.**, p. 920, n. 56.
(5) 19 **C. J.**, p. 607, n. 18.    (6) 19 **C. J.**, p. 615, n. 74; 36 **Cyc.**,
p. 1009, n. 47.    (7) 19 **C. J.**, p. 615, n. 73, p. 712, n. 6.    (8) 19
**C. J.**, p. 615, n. 73; 36 **Cyc.**, p. 1029, n. 25, p. 1037, n. 69, p. 1042,
n. 90.    (9) 19 **C. J.**, p. 617, n. 86, p. 618, n. 95 New.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   T. I. Fitzpatrick, Judge.
Affirmed.

The facts are stated in the opinion of the court.

Joseph T. O'Connor and Sylvester J. McAtee for Appellants.

Allen G. Wright and Wright & Wright & Stetson for
Respondent.

WASTE, C. J.—The Islais Creek Reclamation District,
situate wholly within the city and county of San Francisco,
was created by the legislature by statute, without reference
or notice to the inhabitants of the district (Stats. 1925,
p. 87).   Under the authority of the statute creating it the

---

9.  See 9 Cal. Jur. 865.

district commenced a proceeding in the superior court to determine the legality of its existence. The defaults of the state of California and of all persons other than the defendants Simpson were entered, and the cause was submitted on an agreed statement of facts. The lower court adjudged the plaintiff to be a legal reclamation district, duly created and organized, and having the statutory powers and authority conferred upon it. The defendants Simpson have appealed, contending that the act creating the district, by imposing a tax upon their lands, violates the provisions of the state and federal constitutions and amounts to a taking of property without due process of law.

[1] The appellants who are owners of real property within the boundaries of the district, concede, as they must, that the creation of a reclamation district is an exercise of the police power of the state, and that the legislature, which has the power to create, is presumed to act with knowledge of the facts and upon a determination of the benefits to the land included within the boundaries of such a district by the proposed work of reclamation. (See *People ex rel. Chapman* v. *Sacramento Drainage Dist.*, 155 Cal. 373 [103 Pac. 207].) [2] They also concede the full weight of authority to the effect that an act of the legislature should not be declared unconstitutional by the courts unless its provisions are clearly violative of some provision of the constitution, and recognize that the courts of this state have liberally construed acts of the legislature creating reclamation and other improvement districts, because of the public benefit derived therefrom. (*In re Bonds of Madera Irr. Dist.*, 92 Cal. 296, 311 et seq. [27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 675].) [3] After making these concessions, however, and arguing from a premise that "the original purpose of reclamation districts was the unwatering of lands and in the beginning of such legislation had application more especially to agricultural lands," and that "reclamation is practically synonymous with drainage," appellants contend that, in enacting the present statute, the legislature has distorted the "original purpose for which reclamation districts were created." Assuming some other word than "reclamation" might have been used, such, for instance, as "improvement," in describing the nature of the district created, we do not seriously regard the appellants'

contention. The purpose and scope of the act are clearly discernible from a reading of it. It is entitled, in part, "An act to aid commerce and navigation by authorizing certain improvements in and about Islais creek and as a means thereof creating a reclamation district to be called and known as the 'Islais creek reclamation district,' . . . and authorizing a method for the reclamation of the lands of said district. . . . " In section 1 it is declared that in order "to aid commerce and navigation it is necessary to dredge Islais creek in the city and county of San Francisco, to dredge the shoals in the bay of San Francisco lying off the mouth of Islais creek, and to reclaim the old salt marsh and tidelands now lying in the district hereinafter described so that they may become a useful adjunct to commerce and navigation . . . a reclamation district is hereby created. . . . " These purposes clearly bring the act creating the district within the scope of the power of the legislature. [4] Whatever " 'tends to enlarge the resources, increase the industrial energies, and promote the productive power of any considerable number of the inhabitants of a section of the state, or which leads to the growth of towns and the creation of new sources for the employment of private capital and labor, indirectly contributes to the general welfare and to the prosperity of the whole community.' " (*In re Bonds of Madera Irr. Dist., supra,* at p. 314.) [5] Commerce and navigation generally, and particularly in the harbor of San Francisco, will be benefited by the improvement contemplated by this act; but the drainage and reclamation of the lands, apart from any question of commerce or navigation, are in themselves a legitimate exercise of the police power of the state. (*Gray* v. *Reclamation Dist. No. 1500,* 174 Cal. 622, 638 [163 Pac. 1024].)

[6] By section 9 of the act, Islais Creek Reclamation District is given the power to reclaim and protect the lands of the district by making, constructing, and maintaining such fills, drains, canals, sluices, bulkheads, water-gates, levees, embankments, and pumping plants as, in the opinion of the trustees of the district, are or may be necessary to the general plans as decided upon by the trustees. It was within the power of the legislature, in creating the district by special act, to define the manner and plan and provide for the necessary works by which the contemplated reclamation

should be carried out. (*Reclamation Dist.* v. *Superior Court,* 171 Cal. 672, 678 [154 Pac. 845].)

[7] All assessments must be made for a public purpose. Appellants therefore argue that while it may be conceded to be of local benefit to create an industrial district where now is marsh-land, this is purely a private industrial enterprise or venture, the indirect benefit to the public from which should not be used as a cloak for the exercise of the police power of the state to impose a burden of taxation upon the lands of a citizen. This court said in *In re Bonds of Madera Irr. Dist., supra,* at p. 310, that "whenever it is apparent from the scope of the act that its object is for the benefit of the public, and that the means by which the benefit is to be attained are of a public character, the act will be upheld, even though incidental advantages may accrue to individuals beyond those enjoyed by the general public." It is no objection to the constitutionality of the statute that the public benefit which is to be subserved is practically limited to those in the district whose lands are to be protected. (*Laguna etc. Dist.* v. *Martin Co.,* 144 Cal. 209, 217 [77 Pac. 933].) It may be assumed that the lands held in private ownership within the district, which, without the improvements contemplated by the creation of the district, will be marsh and overflowed lands, will be especially benefited by the contemplated improvement. But it may not be denied that the state has the power to impose upon the adjacent lands specially benefited by the work an assessment in proportion to such benefits to defray part of the costs. (*People, etc.,* v. *Sacramento Drainage Dist., supra.*)

[8] Under the provisions of section 9 of the act the district may fill the land therein held in private ownership and the streets lying therein, and thereby raise them to the official street grades as the same may be now or hereafter legally established. Because the title does not specifically refer to the filling in of the lands-and streets, appellants contend that the act is a violation of section 24, article IV of the constitution, which provides that every act shall embrace but one subject, which subject shall be expressed in its title. The objection is not well taken. The title is broad enough in its language to disclose that the general purpose of the act is to provide a scheme for the betterment of the lands lying within the described area. Such aspects of the reclamation

and improvement of the land as are set forth in the act, if falling within and germane to the general purposes announced by the title, do not require expression in the title. (*People, etc.*, v. *Sacramento Drainage Dist., supra,* at p. 384; *People* v. *Jordan,* 172 Cal. 391, 394 [156 Pac. 451]; *Estate of Wellings,* 192 Cal. 506, 519 [221 Pac. 628].)

[9] It was a stipulated fact in the case that the lands in this district were at one time all swamp and overflowed lands, or lands subject to overflow, and the greater part thereof are still of that character. The fact that they are not all of such character at the present time does not affect the validity of the district. Appellants did not attempt, in the court below, to show that their holdings in the district were not overflowed lands. Any attempt to show that fact would have been futile, for the legislature itself fixed the exterior boundaries of the district, and included the appellants' land therein. Its determination as to the property benefited and the property to be included in the district was final and conclusive. (*Brookes* v. *City of Oakland,* 160 Cal. 423, 427 [117 Pac. 433].)

We have referred to but a few of the many cases sustaining the legality of the Islais Creek Reclamation District on all contentions advanced by appellants. We find nothing in the points raised by appellants which renders the statute creating the district obnoxious to either the state or the federal constitution.

The judgment is affirmed.

Preston, J., Curtis, J., Seawell, J., Langdon, J., Shenk, J., and Richards, J., concurred.