[S. F. No. 14000. In Bank.—October 28, 1932.]

HENRY A. WHITLEY, Appellant, v. ISLAIS CREEK RECLAMATION DISTRICT (a *Quasi*-Public Corporation), et al., Respondents.

H. M. Anthony for Appellant.

John J. O'Toole, City Attorney, Allen G. Wright and Wright & Wright & Larson for Respondents.

LANGDON, J.—This is an action to review a reclamation district assessment. The Islais Creek Reclamation District, lying wholly within the boundaries of the city and county of San Francisco, was created by a special act of the legislature in 1925. (Stats. 1925, p. 87.) Under the provisions thereof, a proceeding *in rem* was commenced in the superior court of said city and county, wherein it was determined that the district was legally created and organized. This decision was affirmed on appeal. (*Islais Creek Reclamation Dist.* v. *All Persons,* 200 Cal. 277 [252 Pac. 1043].) Subsequently, the trustees of the district submitted plans for reclamation work to the supervisors of the city and county, and a cost estimate of $1,620,152 was appended thereto. Commissioners were appointed to make the necessary assessment, and upon the filing of their report, a time was fixed for hearing objections. Plaintiff Whitley and others submitted objections, which were, after a hearing, overruled, and the assessment list approved. Under section 3462 of the Political Code, said plaintiff had thirty days in which to sue in the superior court to have the assessment "corrected, modified or annulled". He commenced the action on July 27, 1928, within the period, seeking to declare the assessment "null and void and of no effect". Judgment was rendered against him and he brought this appeal.

The written objection filed by plaintiff was on the ground that the assessment was inequitable and confiscatory. By virtue of section 3462 of the Political Code, he is limited to this objection, save that he may raise any others which "go to the jurisdiction and render the proceedings wholly void". (*Meyer* v. *Reclamation Dist. No. 17,* 172 Cal. 104 [155 Pac. 635, 637]; *Luckehe* v. *Reclamation Dist. No. 2054,* 73 Cal. App. 361 [238 Pac. 760].) By virtue also of the prior decision of this court in *Islais Creek Reclamation Dist.* v. *All Persons, supra,* he is estopped to question the validity of the creation of the district, or the statutory powers of the board. On these matters that decision is *res judicata.* (See *Price* v. *Sixth Agricultural Dist.,* 201 Cal. 502 [258 Pac. 387]; *Golden Gate Bridge & Highway Dist.* v. *Felt,* 214 Cal. 308 [5 Pac. (2d) 585].)

The principal contentions made by plaintiff are that the plans and cost estimate of the district are indefinite and excessive; that expensive improvements are contem-

plated in aid of commerce, navigation and other objects instead of reclamation; and that the assessment made on his property is thirteen times its value.

■ With respect to the plans, plaintiff complains of the absence of detailed specifications as to location of the seawall or bulkhead, the sewer or drain, and the fill; and the same complaint is made as to the materials to be used. The answer is that while the statute requires some plan to give the land owner notice (*Reclamation Dist. No. 17* v. *Bonbini,* 158 Cal. 197 [110 Pac. 577]), it does not require *specifications.* A plan showing with some degree of certainty the proposed works, so as to enable interested persons to understand the project, is sufficient. (*Meyer* v. *Reclamation Dist. No. 17, supra; Spurrier* v. *Reclamation Dist. No. 17,* 172 Cal. 157 [155 Pac. 840].) It should also be observed that this specific objection was not raised before the board of supervisors and hence must be deemed to have been waived. Nevertheless, the record shows a great deal of specific matter in the proposed plans, including sketches and maps of the fill, drain and seawall, and numerous details of size, type of construction and materials. For all these reasons we are satisfied that there is no substance to this contention.

■ It is further contended by plaintiff that much of the contemplated work is not for reclamation purposes at all. It is argued that an elaborate and expensive seawall is being constructed, control of which must under the law go to the board of state harbor commissioners, and that a sewer is to be built to carry off sewage from territory outside the district. These points, likewise, were not raised before the supervisors, nor is there anything in the record to support the charge. The evidence shows that although the seawall or bulkhead will also benefit navigation, it is an essential part of the reclamation project. The act states that nothing in it shall affect the jurisdiction of the state harbor commissioners, but does not, as plaintiff asserts, make any grant of control of the wall to these commissioners. The alleged sewer appears from the testimony to be a covered wood-box drain, for reclamation purposes, and it nowhere appears that it is to be used for the disposal of sewage. Moreover, in making their assessment, the commissioners found that no benefit would accrue to plaintiff's

lot from the drain, and hence did not include its cost in the assessment levied against said lot. Obviously, in such case he has no cause for complaint. (*Spurrier* v. *Reclamation Dist. No. 17, supra.*)

The contention that plaintiff's assessment was thirteen times the value of the land is based upon the fact that for the fiscal year commencing July 1, 1927, it was assessed for general tax purposes at $450. Plaintiff proceeds upon the assumption that this was its full cash value. He offered no evidence as to the value of the lot at the trial. The assessment made by the commissioners of the district was $5,991.84, or something less than eighty cents per square foot. Expert witnesses, properly qualified as to knowledge of land values, testified that his lot had a present value of about fifty cents per square foot, or $3,750, and that upon completion of the work of reclamation it would be worth over $1.30 per square foot, or $9,741.74. Inasmuch as plaintiff's lot is now partially submerged and subject to the ebb and flow of the tides, it is not difficult to appreciate this probable large increase in value. In any event, the evidence before the court was amply sufficient to justify the conclusion that this assessment was not inequitable or confiscatory.

No other points raised by plaintiff are worthy of discussion. The judgment is affirmed.

Preston, J., Curtis, J., Tyler, J., *pro tem.*, Seawell, J., Shenk, J., and Waste, C. J., concurred.