[Civ. No. 8759. First Appellate District, Division One.—December 24, 1932.]

WILLIAM CRAWFORD, Appellant, v. COUNTY OF LOS ANGELES (a Body Corporate and Politic) et al., Respondents.

Ray H. Enter for Appellant.

Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondents.

GEARY, J., *pro tem.*—Plaintiff above named appeals from the order of the Superior Court of the State of California, in and for the County of Los Angeles, granting defendants' motion to dismiss plaintiff's action upon the ground that the amended and supplemental complaint failed to state a cause of action against said defendants or any of them.

Appellant is the owner of real property in Los Angeles County. On or about July 7, 1930, a petition was filed with the Board of Supervisors of said county seeking the creation of a water works district (Stats. 1919, p. 1049, as amended), which district would embrace certain lots belonging to appellant. Protests against the formation of the water works district were filed and were overruled by the Board of Supervisors. Thereupon, by resolution, the Board of Supervisors called a special election for October 7, 1930, to determine the creation of Los Angeles Water Works District No. 17, and the incurring of a bonded indebtedness in the sum of $68,000 upon the land within the proposed district. Due to a misprint on the ballots, a second resolution was formally adopted fixing November 13, 1930, as the date of the election. Appellant by his action sought to enjoin the Board of Supervisors from settling, calling or holding a special election or any election looking to the formation of Water Works District No. 17, and from issuing any bonds thereon. A temporary restraining order was denied.

Appellant's action is founded upon the contention that the creation of the proposed water works district and the attendant costs thereof would result in no benefits to

him, and that it is therefore as to him the taking of private property for public use without just compensation. The amended and supplemental complaint alleges the filing of the petition for the creation of the proposed water works district. It is then alleged (par. V): " . . . Protests were filed and said matter was thereupon continued to Aug. 4th and then continued to the 2nd day of September, 1930, for hearing and final determination. That at that time protests had been filed of approximately 51% against the creation of said water works district, *the plaintiff being present on the hearing of July 7th, 1930, and being represented by counsel on the August hearing,* and subsequently his protest being denied by said Board of Supervisors. . . . " (Italics ours.) Thereafter follow allegations setting forth that the Supervisors denied the protests of a majority of the property owners of said district who would have to bear the expense of the creation of the proposed district; that there are approximately only nineteen families residing in the proposed district, mostly in the northwest corner thereof, and that the balance of the lands therein are mostly unimproved and without any need for a water works district; that plaintiff is informed and believes and upon such information and belief alleges that his property will be assessed approximately forty per cent of its appraised value for the creation of the proposed water works district; that plaintiff has a well on his property furnishing him with sufficient water for domestic and irrigation purposes, and that he can and under proper conditions would furnish sufficient water to supply the reasonable demands of others in the proposed district; that there are other wells in the proposed district, individually or collectively sufficient to supply any necessary or reasonable quantity of water to the families residing therein; that American States Water Service Company is now supplying water to several families in the southwest portion of the proposed district. It is then alleged that if the election is called and heard and the district created, plaintiff will suffer great and irreparable loss in that he will have to pay the assessment and receive no benefit therefrom, and by reason thereof his property will be taken from him without just or due compensation. It is further alleged that the assessment against plaintiff's

property and the issuance of bonds thereon for the purpose mentioned is the taking of property without just compensation, without due process of law, and in violation of the Fifth Amendment of the Constitution of the United States and of article I, section 14, of the Constitution of this state. In his reply brief herein, appellant states: "This action [is not] an appeal from the decision of the Board of Supervisors, but a direct attack on the constitutionality of the law itself." Hence, appellant argues, it is not necessary for appellant to set out allegations concerning what may have occurred at any meetings before the Board of Supervisors. It is contended that because "a few voting tenants may create this bonded indebtedness against the district and then blithely move away", an unfair and unjust situation is created, amounting, in effect, to the taking of property without just compensation therefor and without due process of law.

The contention of appellant is without merit. The legislature may enact legislation to provide for the creation of taxation districts for the purpose of paying for the cost of the construction and maintenance of an improvement that will be for the special benefit of the inhabitants of the district. The only limitations thereon are the limitations set up in the state and federal Constitutions. (*Bliss* v. *Hamilton,* 171 Cal. 123, 133 [152 Pac. 303, 308].)

The case of *In re Madera Irr. Dist.,* 92 Cal. 296 [28 Pac. 272, 675, 27 Am. St. Rep. 106, 14 L. R. A. 755], involved the authority of the legislature to authorize the creation of irrigation districts in California, with attendant powers and obligations upon property owners, closely analogous to those arising under the Water Works District Act. In its determination of that case the Supreme Court has definitely disposed of appellant's contentions herein. Beginning at page 319 of said decision, the court says: "Inasmuch as there is no restriction upon the power of the legislature to authorize the formation of such corporations for any public purpose whatever, and as when organized they are but mere agencies of the state in local government, without any powers except such as the legislature may confer upon them, and are at all times subject to a revocation of such power, it was evidently the purpose of the framers of the constitu-

tion to leave in the hands of the legislature full discretion in reference to their organization. In the present case the legislature has chosen to authorize the creation of a public corporation in the manner and with the forms specified in the act under discussion. . . . It is objected to this, that it is placing in the hands of those not interested the power of imposing a burden upon the owners of the land, who may be a small minority of the electors within that district, or who may even be non-residents of the district. This, however, is a matter which was addressed purely to the discretion of the legislature. . . . The constitutionality of the act in question is further assailed upon the ground that it makes no provision for a hearing from the owners of the land prior to the organization of the district. But the steps provided for the organization of the district are only for the creation of a public corporation to be invested with certain political duties which it is to exercise in behalf of the state. (*Dean* v. *Davis,* 51 Cal. 406.) It has never been held that the inhabitants of a district are entitled to notice and hearing upon a proposition to submit such question to a popular vote. . . . It must be observed that such proceeding does not affect the property of anyone within the district, and that he is not by virtue thereof deprived of any property. Such result does not arise until after the delinquency on his part in the payment of an assessment that may be levied upon his property, and before that time he has opportunity to be heard as to the correctness of the valuation which is placed upon his property, and made the basis of his assessment. He does not, it is true, have any opportunity to be heard, otherwise than by his vote in determining the amount of bonds to be issued or the rate of assessment with which they are to be paid; but in this particular he is in the same condition as is the inhabitant of any municipal organization which incurs a bonded indebtedness, or levies a tax for its payment. *His property is not taken from him without due process of law, if he is allowed a hearing at any time before the lien of the assessment thereon becomes final.* (*People* v. *Smith,* 21 N. Y. 595; *Gilmore* v. *Hentig,* 33 Kan. 170 [5 Pac. 781]; *Hagar* v. *Rec. Dist. No. 108,* 111 U. S. 701 [4 Sup. Ct. Rep. 663, 28 L. Ed. 569]; *Davies* v. *Los Angeles,* 86 Cal. 46 [24 Pac. 771].) . . .

*It is not necessary to show that property within the district may be actually benefited by the local improvement,* and, even if it positively appear that no benefit is received, such property is not thereby exempted from bearing its portion of the assessment, *nor is the act unconstitutional because it provides that such property shall be assessed. . . .* If within the limits of a levee district a parcel of land should be so situated as not to require the protection of the levee, that would be no reason for excluding it from its share of the expense; or if within the limits of a drainage district there should chance to be found a cliff, that would be no reason for exempting it from assessment.'' (Italics ours.) (*Islais Creek Rec. Dist.* v. *All Persons,* 200 Cal. 277, 282 [252 Pac. 1043]; *Sharp* v. *Joint Highway Dist. No. 6,* 111 Cal. App. 81, 85 [295 Pac. 841]; *Henshaw* v. *Foster,* 176 Cal. 507, 514 [169 Pac. 82].)

▇ In the instant case the legislature in its Water Works District Act designated the boards of supervisors to receive petitions looking toward the formation of such districts, to give notice thereof and to receive and determine protests against the same. This it had a right to do, in fact it is the usual method of procedure adopted in the formation of assessment districts of every nature. The provision for the receiving and hearing of protests by the Board of Supervisors after legal notice thereof in the manner prescribed by the Water Works District Act afforded to the property owner his right to be heard, one of the essentials of ''due process of law''. As is stated in *Hutchinson Co.* v. *Coughlin,* 42 Cal. App. 664, 670 [184 Pac. 435, 438], *''The guaranty of the right to be heard does not necessarily require a determination in a court proceeding.* The individual may be fully protected by an opportunity given to present to the local governing body his objections to an assessment such as is involved in this case.'' (Italics ours.) (*In re Madera Irr. Dist., supra; Henshaw* v. *Foster, supra.*)

▇ In the instant case the Board of Supervisors held hearings upon the protests received upon two occasions. Thereafter the protests were denied. Whether the Board of Supervisors acted wisely in the matter is not to be determined here. The law presumes that they acted in good faith. By statute, the determination of the protests was

left to the discretion of the Board of Supervisors, and, in the absence of fraud or such an abuse of discretion so patent as to amount to fraud, the decision of the Board of Supervisors is final. (*Hutchinson Co.* v. *Coughlin, supra; Duncan* v. *Ramish,* 142 Cal. 686, 691 [76 Pac. 661, 663]; *Cutting* v. *Vaughn,* 182 Cal. 151, 156 [187 Pac. 19].)

██ Appellant did not allege fraud in his amended and supplemental complaint, nor are there allegations of facts therein from which a court could possibly assume either an absence of good faith or an abuse of discretion on the part of the Board of Supervisors. Indeed, with appellant represented by counsel at one of the hearings on the protests, it would appear that the hearings were not perfunctory affairs, but, on the contrary, full, fair and complete in every respect. The amended and supplemental complaint wholly fails to allege facts showing a lack of due process of law. Thus it fails to state a cause of action.

██ That the act of the Board of Supervisors does not violate the federal or state Constitutions in that it amounts to the taking of private property for public use without just compensation therefor has been heretofore determined. Upon this point the Supreme Court in *Bliss* v. *Hamilton, supra,* stated: "Finally it is urged that the act of June 13, 1913, is unconstitutional because, it is said, the tax is to be imposed on all property within the district, irrespective of the benefits conferred by the improvement. *In view of the many decisions of this court as to the power of the legislature in such matters as these, especially the decision in In re Madera Irrigation District, 92 Cal. 296, 342 [28 Pac. 272, 675, 27 Am. St. Rep. 107, 14 L. R. A. 755], we see no force to this claim.*" (Italics ours.)

Appellant herein places much stress upon the case of *Village of Norwood* v. *Baker,* 172 U. S. 269 [19 Sup. Ct. Rep. 187, 43 L. Ed. 443]. That case, upon the authority of *Duncan* v. *Ramish, supra,* and cases cited therein, no longer states the rule properly applicable to facts as they appear in the instant proceeding. Our Supreme Court in *Duncan* v. *Ramish, supra,* after a review of the more recent cases of the United States Supreme Court on the subject, states: "*The question may therefore be considered as absolutely settled, and the decision in the Norwood case as thoroughly*

*discredited,* although not expressly overruled.'' (Italics ours.)

The judgment of the trial court is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.