[Civ. No. 3525. Third Appellate District.—October 26, 1928.]

JOHN G. WILBUR et al., Appellants, v. BOARD OF DIRECTORS OF TIA JUANA RIVER IRRIGATION DISTRICT et al., Respondents.

512

Jesse George for Appellants.

Sloane & Sloane for Respondents.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal by taxpayers from a judgment denying injunctive relief and upholding the proceedings and tax levy against the lands of Tia Juana River Irrigation District, which was assessed to pay claims for preliminary organization of the district, together with other expenses of maintaining and operating the affairs of said district pursuant to law.

It is contended by the appellants that the entire tax levy is void, and that the several warrants which were issued in payment of obligations incurred for preliminary organization are in violation of section 61 of the California Irrigation Act as amended in 1921 (Stats. 1921, p. 1110), for the reason that the aggregate amount of these claims exceeds $2,000, which is the maximum sum authorized for that purpose.

The cause was tried upon a stipulation of facts. Appellants are taxpayers in the Tia Juana River Irrigation District in San Diego County, which was duly organized August 18, 1924, and embraces 1,600 acres of land. Respondents Arnold, Patterson, and Ables were thereafter elected directors of said district, and on February 9, 1925, appointed H. C. McCann as assessor, tax collector and treasurer, fixing his salary at $75 per month. August 19, 1924, the board adopted a resolution employing John F. Covert as engineer of the district, and directed him to prepare preliminary plans and estimates for a proposed bond issue, which were subsequently filed and adopted. The engineer also made surveys and specifications for desired improvements, including a water-pipe system. Ten acres

of land was authorized to be purchased, upon which test wells for water supply were drilled by J. W. Brannon, who was hired for that purpose. Attorneys were employed and rendered services in organizing the district. Before the levying of an assessment or the calling of a bond election some thirty-seven warrants aggregating the sum of $5,565.25 were ordered to be drawn in payment of expenditures for office rent, salaries, legal notices, purchase of land for test wells, cost of sinking wells, engineer's plans, labor, fees for certifying bonds and legal services. There was no money in the treasury with which to meet these preliminary expenses, or with which to pay the subsequent current expense of operating the affairs of the district. A detailed survey and plans for bonding the district for $219,200 was thereupon adopted and submitted to the California bonding commission for approval. On September 15, 1925, the directors levied an assessment against the district for the aggregate sum of $7,098.42, being two per cent of the entire valuation of the property estimated to be $354,921. For this purpose a resolution was adopted by the directors of the irrigation district providing in part that, " . . . The sum of $2,471.83 is necessary for the payment of unpaid warrants of the district issued in accordance with the law, and that said district requires the additional sum of $4,626.59 . . . *for carrying out*, within the district, *the purposes of the California Irrigation Act, . . .* "

Among the claims for the payment of which said tax assessment was levied were nine warrants aggregating the sum of $775 which had been previously issued to H. C. McCann, the duly elected secretary and treasurer of said district, in payment of his salary, which had been regularly fixed. These salary warrants must be assumed to have been included in the sum of $2,471.83 mentioned in the above resolution found to be "necessary for the payment of unpaid warrants of the district," for preliminary expenses. The salaries of regular officers, which offices are provided for by the Irrigation Act of the legislature, are deemed to be continuing obligations and not merely preliminary expenses in the organization of a district. In order to ascertain what amount the directors sought to raise for the payment of preliminary expenses as represented by outstanding unpaid warrants of the district,

said sum of $2,471.83 should be reduced by subtracting therefrom the sum of $775, which was the total amount of the outstanding salary warrants. This leaves, only the sum of $1,693.83 sought to be raised by the tax levy for the payment of outstanding warrants for preliminary organization expenses, which was strictly within the $2,000 limitation prescribed by statute. The balance of the amount to be raised by means of this challenged tax levy was declared by the resolution to be ''for carrying out . . . the purposes of the California Irrigation Act,'' after the organization was perfected. In the case of *Mitchell* v. *Patterson*, 120 Cal. 286 [52 Pac. 589], involving the construction of section 42 of the former Irrigation District Act (Stats. 1891, p. 147), which is similar to section 61 of the Irrigation Act under consideration in the present case, it was held that the statutory limitation which prohibited the directors from incurring obligations prior to the completion of the organization in excess of $2,000 did not include salaries for officers the appointment of which were provided for by the act. Under this authority these salary warrants may not be considered in determining either the validity of the tax levy or the outstanding warrants. There is, therefore, nothing in the record to indicate that the tax assessment was levied to pay illegal claims for preliminary organization in excess of the inhibition of the statute. It was stipulated that the irrigation district was duly organized, and its officers regularly elected in August, 1924. The court specifically found that the board of directors ''in all its proceedings relating to the assessment of lands and levy of assessment thereon in the year 1925, acted within the scope of its authority and in the manner required by law, and that the levy is in all respects regular and valid.'' █ The mere issuing of warrants for the payment of illegal claims does not invalidate the proceedings instituted for the tax levy. It follows that the tax levy is, therefore, valid and binding.

█ The fact that the tax levy was valid does not necessarily authorize the payment of all of the warrants which were issued. Section 61 of the California Irrigation Act as amended in 1921 provides that ''The board of directors . . . shall have no power to incur any debt or liability whatever, whether by issuing bonds or otherwise, in excess of the express provisions of this act; and any debt

or liability incurred in excess of such express provisions shall be and remain absolutely void; except that for the purpose of organization, or for any of the purposes of this act, the board of directors may, before levying the first assessment, incur indebtedness in such sum or sums as shall amount to $2,000, or if the district shall contain more than 4,000 acres of land, to one-half as many dollars as there are acres in the district, and may cause warrants of the district to be issued therefor.''

■ This language seems too clear for serious controversy. Section 61 of this act specifically prohibits the incurring of debts or liabilities against the irrigation district, for any purpose whatever, in excess of those obligations which are expressly authorized by the act. It is, however, provided that the directors may incur obligations and issue warrants for preliminary organization purposes not to exceed the aggregate sum of $2,000. As Mr. Justice Harrison said in the case of *Hughson* v. *Crane,* 115 Cal. 404, 413 [47 Pac. 120, 122]: "The irrigation act is evidently framed upon the theory, and with the intention on the part of the legislature, that the affairs of the district shall be conducted upon a ready-money basis, and not upon credit, and to enable the directors to carry out this purpose, provision is made for levying special assessments for the payment of salaries, wages and expenses of management.'' Realizing that certain limited preliminary expenses would necessarily be incurred in organizing an irrigation district prior to the time when an assessment could be legally made against the lands of the district, the legislature wisely authorized the incurring of such obligations in an aggregate sum not to exceed $2,000. Section 61 of this act is a specific limitation upon the powers of the directors to incur preliminary indebtedness, and any obligation incurred in excess of that amount becomes absolutely void. Except for the payment of salaries as above stated, the nature of such indebtedness is immaterial, and may, under no circumstances, exceed the specific inhibition of the statute which provides that " . . . Any debt . . . in excess of such express provisions, shall be void, except that for the purpose of organization, or of any of the purposes of this act, the board of directors may . . . incur indebtedness in such sum as shall amount to $2,000.''

It follows that the board of directors in the present case was authorized to incur indebtedness, exclusive of the salaries of officers provided for by the act, and issue warrants in payment therefor, in an aggregate sum not to exceed $2,000. Therefore, every warrant for a legal obligation, in addition to the salary warrants above mentioned, coming within the above limitation, is valid and binding upon the district. Upon the contrary, in the order in which these obligations were incurred, every warrant which carries the aggregate sum beyond the $2,000 limitation is void, except that in determining the validity of these warrants, the items for salary are not to be considered.

In the order in which these warrants were issued, the numbers, dates, nature of indebtedness, and amounts are as follows:

| No. | Date. | Nature of Indebtedness. | Amount. |
|---|---|---|---|
| 1. | Jan. 2, '25 | Services of engineer | $ 700.00 |
| 2. | " 6, " | Salary of McCann | 200.00 |
| 3. | " 6, " | Premium on bonds | 67.50 |
| 4. | " 6, " | Seal of district | 7.50 |
| 5. | " 6, " | Warrant book | .50 |
| 6. | Feb. 3, " | Salary of McCann | 100.00 |
| 7. | Mch. 4, " | Well casings | 172.00 |
| 8. | " 4, " | Hauling casings | 10.00 |
| 9. | " 4, " | Premium on bonds | 33.40 |
| 10. | " 4, " | Rubber stamp | 1.35 |
| 11. | " 4, " | Services of engineer | 100.00 |
| 12. | " 4, " | " " " | 100.00 |
| 13. | " 4, " | " " " | 100.00 |
| * 14. | " 4, " | " " " | 1,086.10 |
| 15. | " 4, " | Attorney's fee | 500.00 |
| * 16. | " 4, " | Commissions on bond | 450.00 |
| 17. | " 4, " | Salary of McCann | 25.00 |
| 18. | Apr. 1, " | " " " | 75.00 |
| 19. | " 8, " | Advertising | 46.50 |
| * 20. | " 8, " | Drilling wells | 207.63 |
| 21. | May 1, " | Salary of McCann | 75.00 |
| 22. | " 8, " | Printing stationery | 10.50 |
| 23. | June 1, " | Salary of McCann | 75.00 |
| 24. | Jul. 1, " | " " " | 75.00 |
| 25. | " 7, " | Book binding | 40.00 |
| 26. | " 7, " | Rubber stamp | 4.50 |
| 27. | Aug. 1, " | Salary of McCann | 75.00 |
| 28. | " 4, " | Publishing Notices | 28.80 |

| No. | Date. | | | Nature of Indebtedness. | Amount. |
|-----|-------|---|---|-------------------------|---------|
| 29. | Aug. | 4, | '25 | Publishing Notices .................... | 42.30 |
| 30. | " | 4, | " | " " .................... | 17.55 |
| 31. | Sep. | 1, | " | Salary of McCann ..... ............. | 75.00 |
| * 32. | " | 1, | " | Purchase of land .................... | 500.00 |
| * 33. | " | 15, | " | Attorney's fee ....................... | 350.00 |
| * 34. | " | 15, | " | Premium on bonds .................. | 25.00 |
| * 35. | | | | ........... ............................ | ...... |
| * 36. | | | | ........... ............................ | ...... |
| 37. | Nov. | 3, | '25 | Arnold, Court costs ................ | 185.74 |

Eliminating all salary warrants, numbers 2, 6, 17, 18, 21, 23, 24, 27, and 31, which are not within the inhibition of the statute and therefore valid, the first warrant which carries the aggregate sum of the indebtedness beyond the prohibited sum of $2,000, is warrant number 14 for the sum of $1,086.10 for services of an engineer. This last-mentioned warrant is therefore void. The next warrant which carries the total indebtedness beyond the $2,000 limit is warrant number 16 for the sum of $450 for commissions on bonds. This warrant is, therefore, also void. The next warrant in the order of their issuance which carries the total indebtedness above the maximum sum of $2,000 is warrant number 20 for the sum of $207.63 for drilling wells, which therefore become void. All subsequent warrants from and including number 32 become void for the same reason. All warrants preceded with the sign of a star are void. All of the remaining warrants aggregating the sum of $1,982.40 are valid, and within the limitation of preliminary expenses authorized by statute.

The respondents claim that if the aggregate sum of all warrants be held to be void for the reason that it exceeds the $2,000 limitation prescribed by statute, then all claims shall be prorated and allowed in the proportion which their respective sums bear to the entire amount of the obligations incurred. But this method clearly violates the letter and the spirit of the statute, which declares that: "Any debt or liability incurred *in excess of such express provisions,* shall be and remain absolutely void." Every obligation incurred beyond the express authorization of the act is therefore void, and no proportion of such claim is entitled to be allowed.

The appellants claim that the trial court erred in refusing to permit them to prove that the value of the engineer's services which were rendered were not reasonably worth more than $1,000. ▮ An irrigation district which is organized pursuant to statute, similar to that of a reclamation district, is *quasi* public in its character. (15 R. C. L. 495, sec. 46; *Luckehe* v. *Reclamation Dist. No. 2054,* 73 Cal. App. 361, 365 [238 Pac. 760]; *Tulare Irr. Dist.* v. *Shephard,* 185 U. S. 1 [46 L. Ed. 773, 22 Sup. Ct. Rep. 531, see, also, Rose's U. S. Notes].) ▮ In the employment of its agents, the authorization to incur operating expenses, the levying of taxes and assessments, and the determination of the reasonableness of the value and character of materials furnished and labor performed, the board of directors act in a *quasi*-judicial capacity, and their discretion in these matters may not ordinarily be interfered with. (*Colusa County* v. *De Jarnett,* 55 Cal. 373; *Langdon* v. *Koster,* 157 Cal. 39, 41 [106 Pac. 209]; *County of Yolo* v. *Joyce,* 156 Cal. 429, 433 [105 Pac. 125].) ▮ In the present case, however, this question has become moot for the reason that the aggregate sum of the warrants for engineer's services, which have been herein approved as valid, do not exceed the sum of $1,000.

▮ The appellants contend that the court erred in not specifically adopting findings determining the validity of the obligations incurred and the warrants issued in payment thereof, and that for this reason the judgment was not supported by the findings. The court did, however, find that all of the allegations of plaintiffs' first and second causes of action were untrue, except as to the admissions thereof, contained in the defendants' answer. The present case was tried on a stipulation as to the facts, and more specific findings than those which were adopted were, therefore, unnecessary. In 24 California Jurisprudence, page 953, section 192, the author says: "When a case is submitted on an agreed statement of facts, the statement takes the place of and has the force and effect of an unattacked finding of facts, from which it follows that findings are unnecessary, the only question being as to the law applicable." This text is amply supported by a citation of California authorities. ▮ When an issue is admitted by stipulation, findings as to such fact become unnecessary. (*Wilson* v.

*Mattei,* 84 Cal. App. 567 [258 Pac. 453]; *Alderson* v. *Cutting,* 163 Cal. 503 [Ann. Cas. 1914A, 1, 126 Pac. 157]; *Fernandez* v. *Watt,* 26 Cal. App. 86 [146 Pac. 47].) In the case last cited the court says: "It needs no citation to support the proposition that findings upon admitted facts are not required, and that a judgment will not be disturbed because of a real or apparent conflict in such findings."

The judgment in this case is hereby modified by striking therefrom the amount of warrants numbers 14, 16, 20, 32, 33, 34, 35, 36, and 37 and by enjoining the directors of the Tia Juana River Irrigation District, their agents, employees, officers, and representatives, from paying the same. As so modified the judgment is affirmed, the appellants to recover their costs of appeal.

Plummer, J., and Finch, P. J., concurred.